UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
THE CENTRAL ORTHOPEDIC GROUP,   :
LLP,   :
  :
      Plaintiff,   :   **MEMORANDUM DECISION AND**
  :   **ORDER**
  -against-   :
  :   24-cv-3144 (BMC)
AETNA LIFE INSURANCE COMPANY,   :
  :
      Defendant.   :
-------------------------------------------------------------- X

**COGAN**, District Judge.

This is an Employee Retirement Income Security Act ("ERISA") suit brought by a healthcare provider to recover payment for various orthopedic surgeries. Defendant has moved for summary judgment on the grounds that plaintiff lacks standing and has failed to exhaust administrative remedies, as required by ERISA. For the reasons below, defendant's motion is denied.

## BACKGROUND

About four years ago, plaintiff, an out-of-network healthcare provider, performed orthopedic surgeries on a patient. As is usually the case, instead of paying the bills himself, the patient executed a document that allowed defendant, the patient's insurance company, to pay plaintiff directly. Plaintiff charged $325,400 for the surgeries but defendant paid only $1,844.

Dissatisfied, plaintiff wrote two letters addressed to defendant's "APPEALS DEPT" and sought "review" of the "payment that [plaintiff] received" for the surgeries. Plaintiff demanded the "entire claim [to] be re-reviewed and reprocessed."

Defendant replied, acknowledging plaintiff's "request for an appeal" but noted it lacked "key elements necessary to accurately classify, research and resolve [the] issue." Defendant's

letter informed plaintiff that, absent any response within "30 days . . . the original adverse determination will be considered final."

Plaintiff did not respond.  Thirty-five days later, defendant sent another letter to plaintiff, acknowledging the "request for reconsideration [of the] claim" but concluding that its "original determination was correct."  Again, plaintiff did not respond, and instead, timely filed suit.

## DISCUSSION

Rule 56 provides that summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must view all facts "in the light most favorable to the nonmoving party."  Scott v. Harris, 550 U.S. 372, 380 (2007).  There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for" plaintiff.  Id. (Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment").

Defendant makes two arguments in favor of summary judgement: (1) plaintiff has no standing and (2) plaintiff failed to exhaust administrative remedies.

## I.      Standing

Healthcare providers, such as plaintiff, are not "participants" or "beneficiaries" and thus cannot sue under ERISA, unless "a beneficiary has assigned his claim in exchange for health care."  See Simon v. Gen. Elec. Co., 263 F.3d 176, 178 (2d Cir. 2001); Murphy Med. Assoc., LLC v. Yale Univ., 120 F.4th 1107, 1113 (2d Cir. 2024) ("[P]roviders cannot bring claims

2

against ERISA health plans . . . '[a]bsent a *valid* assignment of a claim,' 'even if they have a direct stake in the outcome of the litigation.'" (quoting <u>McCulloch Ortho. Surgical Serv., PLLC v. Aetna Inc.</u>, 857 F.3d 141, 146 (2d Cir. 2017))).

The ERISA plan at issue states the following about assignments:

> **Assignment of benefits**
> When you direct us to pay your benefits to someone you name, that's assigning your benefits.  When you see a **provider** they will usually bill us directly.  When you assign your benefits to your **out-of-network provider**, we will pay them directly.  A direction to pay a **provider** is not an assignment of any legal rights.

In other words, the "direction to pay" (1) constitutes an assignment of benefits but (2) does not constitute an assignment of legal rights.  The parties do not dispute that the patient directed defendant to pay plaintiff, and only contest the legal effect of the patient having done so.

Plaintiff contends that the direction to pay constitutes an "assignment [of the patient's] claim in exchange for health care," <u>see</u> <u>Simon</u>, 263 F.3d at 178, such that plaintiff now has standing.  Defendant counters that the plan's use of the phrase "any legal rights" includes the "right to sue," such that the direction to pay did not confer standing.

"This is thus a dispute as to the plain meaning" of the provision, raising a question of ambiguity.  <u>See</u> <u>Glickman v. First Unum Life Ins. Co.</u>, 676 F. Supp. 3d 257, 261 (S.D.N.Y. 2023).  If an "ERISA plan['s] language is ambiguous, summary judgment is not appropriate." <u>Eastman Kodak Co. v. Bayer Corp.</u>, 576 F. Supp. 2d 548, 550 (S.D.N.Y. 2008) (citing <u>Fay v. Oxford Health Plan</u>, 287 F.3d 96, 104 (2d Cir. 2002)).  This is because the Second Circuit "permits a plaintiff to get to a trier of fact based on ambiguous plan language."  <u>See</u> <u>Devlin v. Empire Blue Cross & Blue Shield</u>, 274 F.3d 76, 83 (2d Cir. 2001); <u>see</u> <u>also</u> <u>Bell v. Pfizer</u>, 499 F. Supp. 2d 404, 412 (S.D.N.Y. 2007) ("To survive a motion for summary judgment, a plaintiff need not show that the terms of the [ERISA] plan unambiguously entitle [it] to recovery.").

"Whether contract language is ambiguous is a question of law."  Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691, 695 (2d Cir. 1998).

> A provision is ambiguous if it "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business."

Vale Fox Distillery LLC v. Cent. Mut. Ins. Co., 799 F. Supp. 3d 292, 300-01 (S.D.N.Y. 2025) (quoting Fabozzi v. Lexington Ins. Co., 601 F.3d 88, 90 (2d Cir. 2010)); see also United States Fire Ins. Co. v. General Reins. Corp., 949 F.2d 569, 572 (2d Cir. 1991) ("As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading.").

Whether this provision is reasonably susceptible to multiple readings turns on the terms "benefit" and "legal right."  If the plan clearly distinguishes the legal effect of each term, it is possible the plan is not ambiguous.  But it does not.  The plan does not define "legal right," but it does define "covered benefits" as "eligible health services for which [defendant] has the obligation to pay."

Obviously, a patient cannot "assign" his right to receive "health services," so the "assignment of benefits" provision must refer to the "[defendant's] obligation to pay." And that necessarily includes "the associated right to sue for non-payment."  See Aetna Life Ins. Co. v. Fast Lab Techs., LLC, No. 24-cv-2057, 2025 WL 2463706, at *4 (S.D.N.Y. Aug. 27, 2025). This is a commonsense reading reached by many courts, including "[t]he Second Circuit . . . albeit in dicta."  See id. (citing McCulloch, 857 F.3d at 147).

In other words, the terms "benefit" and "legal right," as used in the plan, both refer to the "right to sue for non-payment."  It is irreconcilable that a direction to pay simultaneously

4

constitutes an assignment of that "benefit" but not an assignment of that "legal right."  Thus, the provision is ambiguous.

Because "any ambiguity in the language used in an ERISA plan should be construed against the interests of the party that drafted the language,"  see Perreca v. Gluck, 295 F.3d 215, 223 (2d Cir. 2002), the Court construes it in favor of plaintiff, *i.e.*, that the patient assigned to plaintiff the right to sue for non-payment.  Accordingly, plaintiff has standing.

## II.   Exhaustion

The remaining question is whether plaintiff exhausted its administrative remedy.  "A failure to exhaust administrative remedies provides grounds for . . . summary judgment," see Zarringhalam v. United Food & Com. Workers Int'l Union Loc. 1500 Welfare Fund, 906 F. Supp. 2d 140, 152 (E.D.N.Y. 2012), because a "cause of action under ERISA . . . does not accrue until the plan issues a final denial."  Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 105 (2013); Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 443 (2d Cir. 2006) ("[T]he federal courts – including this Circuit – have recognized a firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.") (quotation marks omitted).

The plan's administrative remedy is defined as an "appeal" which requires plaintiff to seek from defendant, by letter or telephone, "re-review an adverse benefits determination." The parties do not dispute that there was an adverse benefits determination; that plaintiff mailed two letters to defendant's "APPEALS DEPT," seeking the "entire claim [to] be re-reviewed and reprocessed"; or that that defendant replied, acknowledging plaintiff's "request for an appeal," but said it needed a certain form returned to "resolve [the] issue."

According to defendant, because plaintiff never followed up with that form, the appeal was never initiated, and thus remains unexhausted.  Defendant's argument is unavailing because,

in the same letter asking for the additional form, it stated that, if it had "not received [it] in [the required] timeframe, the . . . original adverse determination will be considered final." So, by defendant's own word, "the plan issue[d] a final denial." See Heimeshoff, 571 U.S. at 105. Plaintiff therefore did its part in seeking "re-review of [the] adverse benefits determination." Accordingly, plaintiff exhausted its administrative remedy.

## CONCLUSION

Defendant's motion for summary judgment is denied.

**SO ORDERED.**

*Brian M. Cogan*

Dated:   Brooklyn, New York
       March 10, 2026

U.S.D.J.